

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2005

# United Steelworkers v. PPG Ind Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4363

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"United Steelworkers v. PPG Ind Inc" (2005). *2005 Decisions.* Paper 251.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/251

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-4363

UNITED STEELWORKERS OF AMERICA, AFL-CIO-CLC,
a labor organization

v.

PPG INDUSTRIES, INC.,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 03-cv-00513
District Judge: The Honorable Joy F. Conti

Argued September 15, 2005

Before: SLOVITER, BARRY, and SMITH, *Circuit Judges*

(Filed: November 8, 2005)

Counsel:    William T. Payne (Argued)
            Schwartz, Steinsapir, Dohrmann & Summers
            1007 Mount Royal Boulevard
            Pittsburgh, PA 15223

            Melvin P. Stein
            Daniel M. Kovalik
            United Steelworkers of America
            Five Gateway Center
            Pittsburgh, PA 15222
            *Counsel for Appellee*

Richard J. Antonelli (Argued)
Joseph Mack, III
Rebecca J. Dick-Hurwitz
Spilman, Thomas & Battle
301 Grant Street
One Oxford Centre, Suite 3440
Pittsburgh, PA 15219
*Counsel for Appellant*

OPINION

SMITH, *Circuit Judge*.

PPG Industries, Inc. ("PPG") appeals from the order of the District Court granting summary judgment to United Steelworkers of America, AFL-CIO-CLC ("USWA") in an action arising from an ongoing labor dispute.[1] This appeal requires us to decide whether the doctrine of res judicata bars USWA from bringing the current suit after a previous suit between these parties, involving part of the same overall labor dispute, was decided in favor of PPG. The District Court concluded that USWA's second suit presented a different cause of action from its first suit against PPG and, therefore, was not barred by res judicata. For the reasons that follow, we will affirm the judgment of the District Court.

---

[1] The District Court exercised jurisdiction over the case pursuant to 29 U.S.C. § 185, which establishes jurisdiction over actions against labor organizations in the district in which such organizations maintain their principal offices. We have jurisdiction to review the District Court's entry of summary judgment under 28 U.S.C. § 1291, and we review such decisions de novo. *See*, *e.g.*, *Vitalo v. Cabot Corp.*, 399 F.3d 536, 542 (3d Cir. 2005).

USWA first sued PPG seeking specific performance of an alleged agreement to arbitrate the claims of employees of multiple PPG plants. USWA asserted that in October of 2000, PPG agreed to engage in expedited, multi-plant arbitration of particular transfer-right related grievances of its employees. When USWA filed a formal grievance seeking multi-plant arbitration of the transfer-right claims, however, PPG rejected it as non-arbitrable. In July, 2001, PPG wrote a letter withdrawing what it described as its conditional October 2000 agreement to multi-plant arbitration on the ground that USWA failed to file a proper grievance over the relevant dispute and also failed to meet the conditions of PPG's prior proposal to submit the multi-plant claims to a single arbitrator. USWA filed suit in August, 2001. In August, 2002, District Judge Robert J. Cindrich adopted the Report and Recommendation of Magistrate Judge Robert Mitchell that summary judgment be granted to PPG on the ground that no multi-plant arbitration agreement existed.

Later in 2002, USWA sent a letter to PPG requesting arbitration of several single-plant claims, pursuant to a single-plant arbitration agreement ("the Greensburg agreement"), and on behalf only of those employees covered by that agreement. In addition to raising other single-plant issues, the letter referenced a grievance included in the earlier, multi-plant dispute seeking to recover back-pay and resolve seniority issues under the Greensburg agreement. PPG refused to arbitrate all claims by an October, 2002 letter, and USWA filed a second suit in April of 2003 to compel arbitration. In the

second action, the District Court (per Conti, J.) granted USWA's motion for summary judgment, rejecting PPG's arguments that the action was barred under the doctrine of res judicata.

In ruling for USWA, the District Court found that only one prong of the three-prong test for res judicata[2] was at issue – whether USWA's cause of action was the same in both suits. PPG argues on appeal that USWA's current suit should be barred either because it presents the same cause of action as did the first suit between the parties, or because, at the least, USWA had a reasonable opportunity to sue on the Greensburg agreement in the first action. USWA counters that not only were the causes of action in the two suits analytically distinct, but also that, at the time of the first suit, the factual predicate required to compel arbitration under the Greensburg agreement did not exist because PPG had not yet refused to arbitrate under that specific, single-plant agreement.

In *U.S. v. Athlone Industries, Inc.*, 746 F.2d 977, 984 (3d Cir. 1984), this Court articulated a multi-factor test[3] to determine whether two causes of action are identical for

---

[2]An action will be barred if: (1) there has been a final judgment on the merits in the first of the two actions; (2) the two actions involve the same parties or their privies; and (3) both suits involve the same cause of action. *See*, *e.g.*, *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 158 (3d Cir. 2001).

[3]The elements of the original *Athlone* test are:

(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been

4

res judicata purposes. We most recently reiterated that test in the bankruptcy case of *In re Eastern Minerals & Chemical Co. v. Mahan*, 225 F.3d 330, 337-38 (3d Cir. 2000). Although we acknowledged in *Eastern Minerals* that the bankruptcy context presented some unique issues in applying the res judicata doctrine, we expressly reiterated and applied the *Athlone* test, holding that "a claim should not be barred unless the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated . . . that it would be unreasonable not to have brought them both at the same time . . . ." *Id.* at 337-38.

Applying the *Athlone* test, as clarified in *Eastern Minerals*, we agree with the District Court that the facts of this case require the conclusion that the causes of action in the two suits are distinct. As the District Court found, the factual underpinnings of the first action primarily involved the negotiations leading up to the putative multi-plant agreement, not the arbitration clause in the Greensburg agreement.[4] Nor did USWA

---

sufficient to support the first); and (4) whether the material facts alleged are the same.

*U.S. v. Athlone Industries, Inc.*, 746 F.2d 977, 984 (3d Cir. 1984).

[4]We note that although USWA raised arbitration under the Greensburg agreement as possible alternative relief in the first suit, that prayer for relief was not addressed in the first action and is not significant for purposes of our "same cause of action" analysis here. USWA built no argumentative predicate in its complaint for the alternative relief it requested, neither party dealt with the substance of the request for single-plant arbitration in the first action, and the ruling of the district court in the first action made no mention whatever of USWA's request for alternative relief. What is more, PPG itself argued before the District Court in the instant action that USWA unreasonably *failed* to raise the single-plant claim in the first action – a proposition the District Court accepted in ruling

5

complain of the same acts in both suits. USWA's complaint in the first action clearly

indicates that its theory of the case was that PPG breached the ad hoc multi-plant

arbitration agreement. In the second suit, the complaint alleges specifically that PPG

breached the arbitration clause of the single-plant Greensburg agreement. The documents

and evidence at issue in the two actions also differ. The letters and other evidence

suggesting a temporary or ongoing offer on the part of PPG to arbitrate multi-plant

grievances were critical in the first action and irrelevant to USWA's claims in the second.

Finally, and although USWA's first complaint does make the aforementioned request for

alternative relief under the Greensburg agreement, it is clear that USWA primarily sought

specific performance of the supposed multi-plant agreement in the first suit, and it sought

specific performance of the single-plant Greensburg agreement as its primary relief in the

second. In short, the two causes of action are distinct in every material respect.

PPG nonetheless argues that USWA acted unreasonably by not pressing its claim

under the Greensburg agreement in the first action. This argument is unavailing. Res

judicata does not punish a litigant for failing to prosecute a claim in an earlier suit if that

claim had not yet accrued at the time of the initial action. *See CoreStates Bank, N.A. v.*

*Huls America, Inc.*, 176 F.3d 187, 203 (3d Cir. 1999). Further, the parties agree with the

District Court that an arbitration claim does not accrue until the employer issues an

unequivocal refusal to arbitrate. Applying that standard, we conclude that USWA's

---

that the causes of action in the two suits were distinct.

6

Greensburg claim had not accrued as of the first suit.

PPG argues that it issued an unequivocal refusal to arbitrate under the Greensburg agreement in its July 11, 2001 letter written in advance of the first suit, but the context of that letter does not admit of such a reading. The letter stated PPG's position that USWA "has not met" and "has no intention of accepting all the terms and conditions of PPG's prior offer to arbitrate these matters before a single arbitrator." The letter also indicated a withdrawal of the offer to arbitrate the matters at hand before a single arbitrator. Having said that, the District Court correctly found that, taken in context, the 2001 letter rejected merely multi-plant, multi-party arbitration. Nothing in the 2001 letter speaks to a single-plant arbitration under the Greensburg agreement, let alone rejects such an arbitration. The request for single-plant arbitration under the Greensburg agreement alone arose for the first time in USWA's letter to PPG dated October 10, 2002. Therefore, PPG's October 15, 2002 letter, taken in its context, unequivocally rejected arbitration under the Greensburg agreement by flatly stating "PPG is under no duty to arbitrate." USWA's Greensburg claim accrued on October 15, 2002.[5] Thus, USWA acted reasonably in failing to fully litigate that claim as part of the 2001 suit.

Accordingly, we will affirm the judgment of the District Court.

---

[5]As the District Court held, the finding that USWA's Greensburg claim did not accrue until October 15, 2002 also disposes of PPG's argument before the District Court that USWA's second suit was barred by the six-month statute of limitations governing claims under the Labor Management Relations Act. USWA timely filed its second action.